HARLEY J. DAVOLL, APPELLEE, v. LINCOLN TRACTION COMPANY, APPELLANT.

FILED NOVEMBER 16, 1923. No. 22559.

1. **Trial:** DIRECTION OF VERDICT. It is not error to refuse to direct a verdict where there is a substantial conflict in the testimony upon a material point.

2. **Street Railways:** COLLISION: NEGLIGENCE: INSTRUCTION. An instruction that a person is not necessarily negligent if, on seeing a street car approaching, he is reasonably justified in believing that he could pass over the tracks before the car, if propelled at its usual and ordinary rate of speed, would reach the point of such crossing, is not erroneous as inapplicable to the facts in this case.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Hall, Cline & Williams,* for appellant.

*Doyle & Halligan* and *W. B. Comstock, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., SHEPHERD, District Judge.

LETTON, J.

Plaintiff, while riding in an automobile coupé, was struck by a street car belonging to defendant company and sustained severe injuries. He recovered a judgment for $5,000 on the ground of negligence in the operation of the street car. The answer denies negligence on the part of the defendant, and pleads negligence on the part of the plaintiff in attempting to cross the track when the street car was only a few feet from the automobile. Defendant appeals.

The street car was running west on O street, in the city

of Lincoln, at the time of the accident. The collision occurred, according to the testimony of the manager of defendant, who examined the place very soon after the collision, at a point 103 feet west from the west curb line of Twenty-second street, which is at right angles with O street on the north. He testified that marks upon the dirt by the side of the track showed that some object had been pushed along the track from that point to where the car stopped. Plaintiff was driving west on the north side of O street. There is an oil filling station at the northwest corner of O and Twenty-second streets, with a curved driveway extending from Twenty-second street to O street. At a point just about opposite the west line of this driveway on O street, plaintiff attempted to cross to the south side of the street car track. The rear end of the coupé in which he was riding was struck by the front end of the street car. The vehicle was overturned and he was severely injured, his skull being fractured and other permanent injuries sustained.

He charges that there was negligence in running the street car at an unusual and dangerous rate of speed, and in the motorman not reducing the speed of the car or stopping it when he saw or could have seen the plaintiff, if he had been in the exercise of ordinary care.

The testimony of plaintiff's witnesses is to the effect that the defendant was guilty of negligence in running the street car at an unusual and dangerous rate of speed, and that the attention of the motorman was diverted from the proper operation and control of the car until too late to prevent the collision. This testimony was clear and positive. Plaintiff was also guilty of negligence. A comparison of the extent of his negligence with that of the defendant was left for the jury to make, and the small amount of the verdict, considering the serious and permanent injuries to the plaintiff, demonstrates very clearly that the jury took his negligence into consideration. If it were not for the comparative negligence statute, we are of the opinion that the plaintiff could not have recovered in this action.

It was first assigned as error that the court should have directed a verdict for defendant. To do so would have been manifest error. The conflict in the testimony required submission to the jury.

It is complained that the court erred in giving instruction No. 10, because it instructs the jury that a person is not necessarily negligent if, on seeing a car approaching, he is reasonably justified in believing that he could pass over the tracks before the car, "if propelled at its usual and ordinary rate of speed, will reach the point of such crossing." The complaint is that this ignores the plaintiff's testimony that he saw the car approaching at a speed of 30 miles an hour. But he did not so testify as to the speed when he first saw the car. It was not until he was crossing the track that he observed the unusual rate of speed, and the car was too close at that time for him to do anything except try to accelerate his speed in order to clear the tracks. He first saw the street car through the back window of the automobile when it was about 20 feet east of the intersection and did not observe unusual speed. It is difficult to judge of the speed of an object directly approaching. If approaching at the usual rate, and he was driving about 15 miles an hour, as he testifies, he could safely have crossed the track.

Complaint is made of other instructions. We have examined them carefully and find no prejudicial error. A strong element in favor of plaintiff is that a number of witnesses testified that the street car was exceeding 25 miles an hour, and that the motorman was not looking in front of his car as he approached the street crossing, but was looking northward, apparently talking to a passenger. This is contradicted by several witnesses for the defendant, who seem to be disinterested. Considering the testimony in behalf of plaintiff and the testimony of the manager and employees of the defendant with relation to the distance from the intersection to the point where the accident occurred, the evidence is ample to sustain the verdict. It is apparent that the jury diminished the recovery because

they considered that plaintiff was not entirely free from blame. We see no reason to disturb the verdict.

AFFIRMED.